JACOB FINER and Others, Copartners Doing Business as FINER & BACHRACH, Respondents, *v.* CHARLES T. BINGHAM and Another, Copartners Doing Business as BINGHAM & Co., Appellants.

First Department, June 3, 1927.

**Sales — action by buyers for breach of contracts — conduct and letters of parties indicate complete rescission of contracts — plaintiffs are not entitled to recover for breach.**

The plaintiffs brought this action to recover damages for the breach of two contracts for the sale of straw braid, one contract for twenty-five bales and one for fifteen bales. The twenty-five-bale order was filled and partial delivery was made on the fifteen-bale order. Plaintiffs rejected a portion of the twenty-five-bale order, and finally stated that they would hold the twenty-five bales subject to defendants' order and asked also for a reinvoicing with a corrected description of the partial delivery under the fifteen-bale order, but they did not claim the right to reject the partial delivery. After some negotiations, the defendants made an offer to take back the entire amount shipped, give the

plaintiffs credit notes therefor, and pay all reasonable charges incurred by plaintiffs. Plaintiffs replied to this offer by asking the defendants to send their truckman for the goods, and this was done by the defendants. The defendants then sent the plaintiffs credit notes and offered again to make payment of expenses incurred by the plaintiffs. The plaintiffs cannot succeed in this action on the theory of a breach of the contract of sale, for the letters and conduct of the parties show a complete rescission of the sale contracts.

APPEAL by the defendants, Charles T. Bingham and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 11th day of November, 1926, upon the verdict of a jury rendered by direction of the court pursuant to a stipulation that the case be tried before the court without a jury and that the verdict be directed with the same force and effect as though a jury were present.

*Ernest A. Bigelow* of counsel [*Harold D. Beatty* with him on the brief], for the appellants.

*Benjamin Koenigsberg,* for the respondents.

PROSKAUER, J. Plaintiffs contracted to buy and the defendants to sell forty bales of straw braid by two contracts, one for twenty-five bales and one for fifteen bales. Defendants made delivery purporting to complete the twenty-five-bale order and also a partial delivery on the fifteen-bale order. Plaintiffs wrote rejecting a portion of the delivery for defective quality and asking that it be replaced with proper merchandise. After some negotiation and correspondence the plaintiffs wrote that they were holding the twenty-five bales subject to the defendants' order. Plaintiffs also demanded the reinvoicing with a corrected description of the partial delivery under the fifteen-bale order. They did not claim the right to reject this partial delivery. In reply to this the defendants wrote taking issue as to the degree of the inferiority of the delivered merchandise, but conceding that it was not as good quality as the plaintiffs had a right to expect. They continued: " We, therefore, believe that it will be best for you to return to us the entire shipment and we will credit you for the full amount of our invoices plus such reasonable charges for cartage, or storage which you may have incurred. More than this, of course, we cannot be expected to do." To this the plaintiffs replied: " We will please ask you to have your truckman call for all the patent milan *as per the suggestion contained therein.* About the other matters therein referred to we will advise you within the next few days." The defendants then sent credit notes for the entire forty bales, with a notification that they would be glad to send a check for the cartage and storage expenses upon learning from the plaintiffs the amount thereof. The plaintiffs thereupon

sued for damages occasioned by defendants' failure to deliver the merchandise described in the contracts. Defendants appeal from a judgment in plaintiffs' favor.

The letters and conduct of the parties effected a complete rescission of this agreement. The plaintiffs had not rejected the merchandise under the fifteen-bale order, but had demanded only a reinvoicing. The defendants thus made an offer of an entirely new arrangement. Instead of complying with the plaintiffs' demand for an acceptance of the return of the twenty-five bales and a correction of the invoice description of the remaining bales, they made an offer that all the goods be returned, that plaintiffs receive credit notes for the whole purchase price and in addition receive their cartage and storage expenses. The plaintiffs' request that the defendants' truckman call for all the merchandise " as per the suggestion contained " in defendants' offer, would reasonably be interpreted by a merchant as an acceptance of that offer. It effected, therefore, a rescission of the contract.

For these reasons the judgment appealed from should be reversed, with costs, and judgment ordered for the defendants dismissing the complaint, with costs.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment reversed, with costs, and the complaint dismissed, with costs.